**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-21571-ALTMAN**

**LUIS MILLIAN MARTINEZ**,

*Petitioner*,

*v.*

**UNITED STATES IMMIGRATION**
**AND CUSTOMS ENFORCEMENT**, *et al.*,

*Respondents*.

_____/

## <u>ORDER</u>

The Petitioner, Luis Millian Martinez, has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging the constitutionality of his detention in the custody of Immigration and Customs Enforcement ("ICE"). *See generally* Petition [ECF No. 1]. The Respondent appeared and filed a Motion to Dismiss or Transfer Action, explaining that Martinez filed his Petition in the wrong district. *See generally* Motion to Dismiss or Transfer [ECF No. 3]. As we'll explain, we find that we lack jurisdiction and **TRANSFER** this case to the United States District Court for the Middle District of Florida.

"Section 2241 petitions may be brought only in the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing that, "[u]nder the plain language of § 2241, 'jurisdiction lies in only one district: the district of confinement'" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Martinez is detained in Florida Soft Side South—an immigration facility in Ochopee, Florida (available at https://locator.ice.gov/odls/#/search (A-Number: 200-093-398;

Country of Birth: Cuba)).[1] Ochopee, Florida, is served by Collier County, which lies in the Middle District of Florida. *See* 28 U.S.C. § 89(b) ("The Middle District comprises the counties of . . . Collier[.]"). Since that's where Martinez is incarcerated, "[a]ny other district court lacks jurisdiction" over the Petition. *United States v. Brown*, 748 F. App'x 286, 287 (11th Cir. 2019) (citing *Fernandez*, 941 F.2d at 1495).

We therefore **ORDER AND ADJUDGE** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Middle District of Florida, Fort Myers Division. *See* 28 U.S.C. § 89(b); *see also* M.D. FLA. L.R. 1.04(a). The Respondent's Motion to Dismiss or Transfer Action [ECF No. 3] is **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2026.

 

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Luis Millian Martinez, *pro se*

       Noticing 2241/Bivens US Attorney
       Email: usafls-2255@usdoj.gov

---

[1] *See Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111–12 (S.D. Fla. 2022) (Graham, J.) ("Several district courts within the Eleventh Circuit have taken judicial notice of USCIS decisions and other information readily available on the websites of government agencies, finding such information was not subject to reasonable dispute and was capable of accurate and ready determination." (citing cases)).

2